IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARKEY RICHARDSON, #311612 *
      Petitioner,
v. * CIVIL ACTION NO. RWT-11-297

JOHN WOLFE *
      Respondent.
                                        ***

**MEMORANDUM OPINION**

      On February 1, 2011, Arkey Richardson ("Petitioner") filed a handwritten Petition for habeas corpus. The matter was instituted as a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner seeks release from Division of Correction confinement pursuant to Md. Rules 15-301, et seq. He claims that he was apprehended on October 6, 2010 on a retake warrant based upon a new criminal charge pending in state court, which is set for trial or hearing on April 14, 2011. Petitioner seemingly contends that he was informed that the parole revocation hearing would be held within sixty days of the issuance of the parole violation warrant. He claims that despite repeated letters to the Maryland Parole Commission, a revocation hearing has yet to be held. After separating the wheat from the chaff, Petitioner appears to be claiming that his due process rights are being violated by failing to afford him a timely hearing on the parole revocation detainer.

      Petitioner has filed neither the $5.00 habeas filing fee nor a motion to proceed in forma pauperis. He shall not be required to cure this deficiency. For reasons to follow, the Petition shall be summarily dismissed.

      Petitioner is challenging the failure to fully execute a state parole detainer warrant filed against him. Petitioner, who had undoubtedly been released from state confinement on conditions

1

of parole, was taken back into state custody on the warrant based upon a violation, to wit, new criminal charges filed against him.[1] An inmate is not entitled to a prompt hearing where the parole violation warrant is simply filed as a detainer at the institution of his confinement. *See Moody v. Daggett*, 429 U.S. 78, 86-89 (1976). In effect, where a parolee or probationer has already been convicted of and incarcerated on an offense, the procedural protections under the Fourteenth Amendment, which require a prompt revocation hearing, are inapplicable. A separate order follows dismissing the Petition.

Date: February 16, 2011                             /s/
                                    ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE

---

[1] The state court docket shows that in October of 2010, Petitioner was charged with multiple drug counts in three separate cases in the Circuit Court for Baltimore City. See State v. Richardson, Criminal Nos. 210294030, 210294031, & 210294032. (http://casesearch.courts.state.md.us/inquiry)